## FARMERS' UNION ELEVATOR CO. et al.
## v. WUNCHELL et al.
### No. 13225.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 11, 1935.

E. L. Fulton, of Wichita Falls, and John C. Murphree, of Iowa Park, for appellants.

W. W. Shuler and Smoot & Smoot, all of Wichita Falls, for appellees.

LATTIMORE, Justice.

The appeal bond is claimed to be insufficient in the obligees named therein. The parties obligee to the bond must be those interested in the judgment adversely to appellant. Articles 2257, 2265, 2270, R. S.

Max Wunchell sued E. C. Knox, John Hirschi, W. F. George, and J. F. Boyd, the appellants, as trustees, having been the directors of a defunct corporation, the appellant Farmers' Union Elevator Company. Wunchell alleged that he was due salary for services rendered to these directors as trustees in continuing the business of the defunct corporation. He also sued in the same petition, by separate count, J. N. George and the First National Bank of Iowa Park, alleging that these, during the trusteeship of the other defendants, had participated in the squandering of assets of the defunct corporation, rendering uncollectable the debt sued on. In another count he alleged himself to be also the owner of stock in the defunct corporation and prayed for an accounting by the trustees of their stewardship and for damages for the squandering of the corporation's assets. Mrs. I. N. Harrison and Mrs. E. C. Knox intervened in the suit as stockholders of the defunct corporation and joined in the suit for an accounting and for judgment for the dissipation of the assets.

The trial court filed findings of fact, in which he found that certain assets had been unlawfully dissipated, and further found that the defendant directors were partners by virtue of their improvident conduct in the handling of the corporation's affairs upon the termination of the charter franchise, and that the plaintiff had rendered services to said trustees. However, the trial court denied the claim of the stockholders for an accounting, but did give the plaintiff judgment as a creditor against the said directors only for his debt. The trial court also rendered judgment that all the stockholders, both plaintiff and interveners, take nothing as such and that J. N. George and the bank, who were alleged to have conspired with the directors to dissipate the assets, go hence without day. From this judgment the plaintiff has not taken an appeal, nor have the interveners, but the Farmers' Elevator Company and the director trustees have appealed by writ of error, naming Max Wunchell and E. C. Knox as the payees in the bond.

None of the defendants made any plea over against the other defendants.

It is apparent that the stockholders' suit was a separate cause of action from that of the creditor plaintiff, and that the judgment which is appealed from is upon a cause of action by the creditor Wunchell, who pleads his debt as wages against the trustees and joins with it an allied cause of action, which is properly joinable under our practice, being for the fraudulent conveyance of the assets of the corporation. But this last cause of action is not necessarily a part of the action for debt, and is, in fact, another cause of action which is, under our rules, allowed to be joined in the suit for the debt, but which may be prosecuted separately. The liability of J. N. George and the bank, if any existed, would have been a liability for fraudulently placing the assets of the corporation beyond the reach of Wunchell, whereas the suit against the trustees is for a debt. It is true the latter would have also been liable in damages for the dissipation of the assets had the same existed. Thus the judgment against these plaintiffs in error for debt is upon a cause of action which was asserted against them alone, and in which none of the other parties was interested except appellees Knox, and Wunchell, who was plaintiff below. In so far as that judgment was concerned, none of the other parties to the suit is adversely interested. Taylor v. Davidson (Tex. Civ. App.) 120 S. W. 1018.

The court has found against Wunchell, Mrs. Knox, and Mrs. Harrison on the stockholders' bill, and they have not appealed; and our jurisdiction is not invoked against that portion of the judgment. Appellee insists that he may desire to raise such objections by cross-assignments of error, but he may not thus force the appellants to take his appeal for him. The purpose of the application is not to furnish the appellee a basis upon which he may complain of the trial court's action, but to warn each and all of those who may find their advantage obtained in the trial court disturbed by the appellant's contentions on appeal. That contention is that the trial court erred in rendering a money judgment against them. Therefore, the bond must run to those adversely interested in that part of the judgment so decreeing. In that cause of action for debt, Wunchell and Knox alone were adversely interested. In the cause of action that claimed conversion to the detriment of the creditors, the bank and J. N. George are not adverse to plaintiffs in error; they are and were adverse alone to Wunchell. He does not appeal.

We believe the motion to dismiss the appeal should be overruled, and it is so ordered.